[No. 3,804.]

## EDWIN P. WHITMORE AND EDWARD F. NORTHAM, EXECUTORS OF THE WILL OF HORACE W. WHITMORE, DECEASED, *v.* JOHN REYNOLDS.

PROOF OF SUM DUE ON A MORTGAGE.—If an answer, in an action to foreclose a mortgage, denies that there is money due on the debt the mortgage was given to secure, the mortgage is competent evidence for the plaintiff to prove the sum due.

PROOF TO REDUCE SUM DUE ON MORTGAGE.— If two persons buy property together, and one furnishes all the money, and the other, to secure him for one half the money advanced for such other, mortgages other property, and the two then agree, in writing, that the mortgage is given for money advanced in the purchase, and that in the settlement of accounts the mortgagor shall be allowed reasonable compensation for services as an attorney which he may render in perfecting the title to the property purchased, the value of the services rendered as attorney under the contract may be proved for the purpose of reducing the amount due on the mortgage.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

At the trial the plaintiff offered in evidence the mortgage, to foreclose which the action had been brought, and the Court admitted it, the defendant excepting. The mortgage contained no promise to pay, being in the usual form. The ground of defendant's objection to the mortgage being received in evidence, was that it contained no promise to pay, but recited that it was security for the payment of four thousand dollars, to be paid on or before the 1st day of August, 1868. No evidence of indebtedness but the mortgage was introduced.

The plaintiff had judgment, and the defendant appealed.

*Clark Churchill,* for Appellant.

The mortgage, unlike that considered in *Whitney* v. *Buckman,* 13 Cal. 536, contains no promise to pay any amount of money; nor does it even contain a recital that any amount was due or to become due. (*Healey* v. *Hotaling,* 41 Cal. 28.)

*Douthitt & McGraw*, for Respondent.

Respondent pleaded payment; he did not plead a counterclaim. He did not offer to prove payment, but did offer to prove the rendition of professional services and their value. The proof offered was proof of a counterclaim. It is well settled that it is not necessary that a mortgage should contain a promise to pay. The mortgage on its face shows a consideration of four thousand dollars paid by Whitmore to Reynolds, and the defeasance is conditioned upon the repayment of that sum. Want of consideration is not pleaded.

By the COURT :

The mortgage, for the foreclosure of which this action is brought, appears upon its face to have been given to secure the payment of four thousand dollars, with interest, at a future day. The complaint averred that no part of the sum had been paid, but that the whole sum, with interest, was due at the commencement of the action. The defendant pleaded the general issue—the pleadings not being verified.

The effect of the plea was to render it incumbent upon the plaintiff to prove the sum due on the mortgage, and the production of the mortgage at the trial was competent evidence for him upon this point. The plaintiff having rested, the defendant, without objection, read in evidence an agreement made between himself and the plaintiff, by which it appeared that the two, being concerned in a joint adventure in the purchase and sale of certain lands upon speculation, and the plaintiff having advanced the whole sum expended in the purchase, the mortgage was in fact given to secure the repayment to the plaintiff of the defendant's half of the purchase money, and that in the settlement of the accounts the defendant was to be allowed a reasonable compensation for his professional services, if any rendered by him, as an

attorney at law, about perfecting the title to the property purchased.

The defendant, in order to reduce the amount due on the mortgage, offered to prove that he had rendered services under the agreement referred to, and also to prove their value, but the evidence was excluded.

The effect of the general denial pleaded being to raise an issue as to the balance actually due upon the mortgage, and the agreement in evidence having expressly provided for an allowance to the defendant for his professional services, we are of opinion that proof of the rendition and value of the services was competent for the purpose of reducing the sum for which the decree of foreclosure was to be entered.

Judgment reversed and cause remanded.